

U.S. Department of Justice

**United States Attorney's Office**

Eastern District of Virginia

---

Jessica D. Aber
United States Attorney

919 East Main Street, Suite 1900
Richmond, Virginia  23219

(804) 819-5400

January 12, 2022

Hon. Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re:   *United States v. Sanders*, No. 22-4242
       **Citation of Supplemental Authority (Fed. R. App. P. 28(j), Loc. R. 28(e))**

Dear Ms. Connor:

The government respectfully offers supplemental authority bearing on this appeal.

Sanders contends that 18 U.S.C. § 2251(a) requires "pro[of] that he had sought to overcome the will" of a minor (Br. 32-39) and that the district court erroneously excluded expert testimony that he did not intend to do so, did not believe the videos he produced involved "sexually explicit conduct," and did not receive sexual gratification from his conduct (Br. 10, 43-47). *See also* Reply Br. 13-16, 18-20.

This month, the Third Circuit rejected these claims in *United States v. Heinrich*, No. 21-2723, — F.4th —, 2023 WL 29331 (3d Cir. Jan. 4, 2023). Specifically, *Heinrich* reiterated that a defendant can "use[]" or "employ[]" a minor in violation of § 2251(a) without overcoming the will of the child. *Id.* at *2-3. Contrasting those verbs with the other statutory verbs, which "involve pressuring the child, physically or psychologically, to engage in sexually explicit conduct," the court reasoned that a defendant violates § 2251(a) by using "an active or passive" minor when he intends the minor to engage in "acts that are objectively sexually explicit." *Id.* The court also reasoned that "[i]t does not matter whether the defendant subjectively intended the conduct or depiction to be 'sexually explicit' or 'lascivious.'" *Id.* at *3-4. It therefore affirmed the exclusion of expert testimony that the defendant "lacked the mental state required by § 2251(a)" because "he was trying to show beauty and innocence" in his produced images and "not (as the statute puts it) 'sexually explicit conduct.'" *Id.* at *2. Evidence of the defendant's subjective belief that the images he produced were not sexually explicit—including expert testimony that "he had no sexual interest in the [minors] or the photos"—was appropriately excluded as confusing and misleading under Federal Rule of Evidence 403. *Id.* at *2, *8-9.

The Third Circuit's decision—which carries "persuasive authority" here, *United States v. Mills*, 850 F.3d 693, 699 (4th Cir. 2017)—refutes Sanders's arguments regarding the *mens rea*

required by § 2251(a) and the district court's exclusion of his proposed expert testimony on scienter.

Respectfully,

Jessica D. Aber
United States Attorney

By:        /s/                            

William G. Clayman
Special Assistant U.S. Attorney