

**LAWRENCE S. ROBBINS**
lrobbins@fklaw.com
212.833.1118

January 19, 2023

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

> Re:    *United States v. Sanders*, No. 22-4242
>        <u>Response to Appellee's Citation of Supplemental Authority</u>

Dear Ms. Connor:

        Appellant submits this response to the government's letter regarding *United States v. Heinrich*, 2023 WL 29331 (3d Cir. Jan. 4, 2023) ("Op.").

        The government asserts that the Third Circuit rejected the contention, advanced by Mr. Sanders in this case, that the six verbs in the first clause of § 2251(a) "must be interpreted similarly."  Br. 32-39; Reply 13-16.  But the defendant in *Heinrich* did not make that argument.  *Heinrich*'s textual argument did not even consider the same portion of the statute—it turned exclusively on the "*second half*" of § 2251(a).  Op. at *2, *4 (emphasis added).  The Third Circuit's discussion of the verbs is, therefore, textbook dicta.

        What's more, the Third Circuit's interpretation of the verbs—made without the benefit of briefing—is mistaken.  By reading the first two verbs as "synonym[s]," the panel violates the surplusage rule, then compounds the problem by construing those two "synonym[ous]" verbs to diverge sharply from the "other four," which all "involve pressuring the child, physically or psychologically."  Op. at *2.  And in stating that § 2251 encompasses situations where "*the defendant*" "engage[s] in sexually explicit conduct" without any "active participation" by the minor (*id.* (emphasis added)), *Heinrich* flatly conflicts with leading authority.  *See United States v. Howard*, 968 F.3d 717, 721 (7th Cir. 2020) (rejecting that "interpretation [as] strained and implausible").  Even putting all that aside, *Heinrich* still does not help the government because it requires the government to prove that a defendant "instigate[d] [the] sexually explicit conduct."  Op. at *3.  Here, the district court's sweeping exclusion orders foreclosed Sanders from offering evidence, including expert testimony, that would have shown that he did not do so.  *E.g.*, Br. 39-40, 46-47.

        Finally, *Heinrich* does not "refute[]" Sanders's *mens rea* arguments.  In *Heinrich*, the defendant *conceded* that his "purpose" "was to take a picture," CA3 Dkt. 60 at 4:17-5:6, though he argued that he did not view the resulting images as pornographic.  That is

Patricia S. Connor                           - 2 -                           January 19, 2023

*not* Sanders's argument.  Sanders asserted that his purpose "was to show obedience in the BDSM relationship," not to create an image or video.  Br. 49-50; Reply 18-23.

Respectfully submitted,

/s/ Lawrence S. Robbins
Lawrence S. Robbins
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square, 28th Floor
New York, NY 10036
Telephone: (212) 833-1118
Facsimile: (212) 833-1250
lrobbins@fklaw.com

Brandon L. Arnold
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
barnold@kramerlevin.com

*Counsel for Defendant-Appellant*
*Zackary Ellis Sanders*