

**LAWRENCE S. ROBBINS**
lrobbins@fklaw.com
212.833.1118

March 28, 2023

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

      Re:    *United States v. Sanders*, No. 22-4242
                <u>Citation of Supplemental Authority</u>

Dear Ms. Connor:

      Appellant respectfully submits supplemental authority pertinent to the Fourth Amendment issues in this appeal.

      ***Franks***. To obtain a warrant to search Appellant's home, the FBI falsely represented that it had received a tip that "Appellant had accessed illegal *content*" on a website. Def. Br. 9. In truth, the tip documents reported "access *to the website*" only, not *content* stored *on* that website. Def. Br. 17-25. The government dismissed that claim as a "wishful misreading" of the tip documents. Gov't Br. 21. By denying Appellant's requests for a hearing or relevant discovery, the district court essentially permitted the government to sweep that misrepresentation under the rug.

      *United States v. Dugan* began with a strikingly similar tip from foreign law enforcement. The tip there, like here, reported that a particular U.S. IP address had accessed a certain website in May 2019. Transcript, No. 21-cr-00127 (S.D. W. Va. Aug. 2, 2022). But when the agent in *Dugan* was put under oath, he admitted that the tip said only that a computer "was used *one time* to access the *home page* on *one occasion*." *Id.* at 68:9-69:14 (emphasis added). That testimony confirms what Appellant has said all along. The district court erred by accepting the government's contrary—and atextual—reading, without a hearing or even discovery.

      ***Joint Venture***. Appellant also sought discovery to support his claim that the United States was in a joint venture with the foreign agency that provided the tip. Def. Br. 29-30. The government dismissed that claim as "pure speculation." Gov't Br. 27. Yet, once again, the *Dugan* agent's sworn testimony shows otherwise. He testified that U.S. law enforcement "was *working jointly with and assisting a foreign law enforcement agency* conducting an ongoing investigation." Transcript 61:1-9 (emphasis added). And he confirmed that foreign law enforcement gave the government the tip as part of that "ongoing

Patricia S. Connor — - 2 - — March 28, 2023

investigation." *Id.* at 61:10-62:1. The tip is, therefore, the direct result of a joint venture, which the government hid for years by fighting tooth-and-nail against any discovery request.

These revelations further underscore that Appellant's convictions are riddled with Fourth Amendment problems. The Court should reverse.

Respectfully submitted,

/s/ Lawrence S. Robbins
Lawrence S. Robbins
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square, 28th Floor
New York, NY 10036
Telephone: (212) 833-1118
Facsimile: (212) 833-1250
lrobbins@fklaw.com

Brandon L. Arnold
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
barnold@kramerlevin.com

*Counsel for Defendant-Appellant Zackary Ellis Sanders*