

LAWRENCE S. ROBBINS
lrobbins@fklaw.com
212.833.1118

June 14, 2023

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

    Re: *United States v. Sanders*, No. 22-4242
       <u>Citation of Supplemental Authority</u>

Dear Ms. Connor:

  Appellant respectfully offers supplemental authority bearing on this appeal.

  Section 2251(a) contains six operative verbs ("employs, uses, persuades, induces, entices, or coerces"). At trial and in this Court, Appellant argued that "use" should be read narrowly because, among other things, a broad reading would both be inconsistent with the other five statutory verbs and would leave those other verbs with no role to play. Br. 33-37. The district court thought differently—it rejected critical defense evidence based on its capacious reading of "use" and denied a proposed defense instruction on the interpretation of "use." Br. 32-33, 37-38. The government pressed those rulings to its full advantage, urging the jury to convict based on the minors' presence in the videos. Br. 37.

  In *Dubin v. United States*, the government similarly argued for a "near limitless" interpretation of "use" in the aggravated identity theft statute. 2023 WL 3872518, at *5 (June 8, 2023) ("Op."). The Supreme Court rejected that "boundless interpretation" in favor of a "narrower reading." Op. *3, *5. It cautioned that "use" is a "context-dependent term[]" that requires careful consideration of its "surrounding words." Op. *5-6. Because the "two neighboring verbs" in that statute both "channel ordinary identity theft," the Court concluded that "'uses' should be read in a similar[ly]" narrow manner. Op. *9-10. The Court found more support for that narrow reading in the title of the statute, the "risk of superfluity" the government's interpretation would create, and the Court's traditional "restraint in assessing the reach of a federal criminal statute." Op. *8-11.

  That analysis requires a narrower reading of § 2251(a), too. Like its neighboring verbs, "use" should be read as describing ways to achieve a minor's assent. Br. 32-33. The title of the statute ("sexual exploitation of children") likewise confirms that "use" should be interpreted to require "exploitation or deceit," not just a minor's presence. Br. 32-35. By contrast, the government's expansive interpretation would give "use" a meaning "*unlike* the

Friedman Kaplan Seiler Adelman & Robbins LLP   7 Times Square, New York, NY 10036-6516

Patricia S. Connor — - 2 - — June 14, 2023

other verbs," Gov't Br. 37 (emphasis added), and would dramatically intrude on traditional state criminal jurisdiction, Br. 36.

    Appellant's convictions should be reversed.

                              Respectfully submitted,

/s/ Lawrence S. Robbins
Lawrence S. Robbins
FRIEDMAN KAPLAN SEILER ADELMAN &
ROBBINS LLP
7 Times Square, 28th Floor
New York, NY 10036
Telephone: (212) 833-1118
Facsimile: (212) 833-1250
lrobbins@fklaw.com

Brandon L. Arnold
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
barnold@kramerlevin.com

*Counsel for Defendant-Appellant Zackary Ellis Sanders*