

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

| | | |
|---|---|---|
| Jessica D. Aber<br>United States Attorney | 919 East Main Street, Suite 1900<br>Richmond, Virginia 23219 | (804) 819-5400 |

February 27, 2024

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

**Re:** *United States v. Sanders*, **No. 22-4242 (calendared for argument March 22, 2024)**
   **Letter under Fed. R. App. P. 28(j)**

Dear Ms. Anowi:

    In *United States v. Cohen*, 63 F.4th 250 (4th Cir. 2023), this Court applied *United States v. Courtade*, 929 F.3d 186 (4th Cir. 2019), to conclude that images of an erect penis, "exchanged in the context of a sexual conversation with no conceivable other purpose[,] were designed to titillate their recipients" and therefore constituted a "lascivious exhibition." *Id*. at 256. Applying *Courtade* and *Cohen*, this Court has explained that although "[a] mere picture of genitals is insufficient on its own to be lascivious, [] the court may consider the context of the pictures when determining whether they were designed to sexually stimulate the viewer(s)." *United States v. Kolhoff*, 2023 WL 6442529, at *2 (4th Cir. 2023). The Court has continued to apply this approach in recent cases. *See United States v. Mynes*, 2024 WL 277707, at *4 (4th Cir. 2024); *United States v. Owens*, 2023 WL 5289376, at *2 (4th Cir. 2023). Notably, this Court recently declined to adopt *United States v. Hillie*, 14 F.4th 677 (D.C. Cir. 2021), because it "contradicts this Court's prior interpretation of 'lascivious exhibition.'" *United States v. Clawson*, 2023 WL 3496324, at *2 (4th Cir. 2023) (citing *Cohen* and *Courtade*). *See* Gov. Br. 50–53 (arguing that *Hillie* and *Courtade* are irreconcilable).

    This Court also recently applied *United States v. McCauley*, 983 F.3d 690 (4th Cir. 2020), to uphold a jury instruction under 18 U.S.C. § 2251(a) explaining that the production of a visual depiction of sexually explicit conduct need not be the "defendant's sole or primary purpose of engaging in sexual activity" and that it is sufficient "one of the defendant's motivating purposes in engaging in sexual activity" was "to produce a visual depiction of sexually explicit conduct." 2022 WL 475548, at *11 (Government's Brief in *Hewlett*). The Court concluded that "the district court's instruction accurately stated the law" and that the district court did not abuse its discretion "in declining to use the instruction Hewlett requested." *United States v. Hewlett*, 2023 WL 3116769, at *1 (4th Cir. 2023). *See* SJA2775-2776; SJA2876; SJA3272; SJA3519 (district court referencing *Hewlett* instruction).

                                                            Respectfully,

                                                            Jessica D. Aber
                                                            United States Attorney

By:              /s/

                                                            Joseph Attias
                                                           Assistant United States Attorney
                                                           919 East Main Street, Suite 1900
                                                           Richmond, VA 23219
                                                           (804) 819-5400
                                                           Joseph.Attias2@usdoj.gov