

LAWRENCE ROBBINS
lrobbins@fklaw.com
212.833.1118

February 29, 2024

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

      Re:    *United States v. Sanders*, No. 22-4242 (calendared for argument March 22, 2024)
            Response to Government's Fed. R. App. P. 28(j) Letter

Dear Ms. Anowi:

    As counsel for appellant in the above-captioned matter, I write to respond to the government's February 27, 2024 letter to the Court.

    The government leads with its chin. In *United States v. Cohen*, this Court held that there was sufficient evidence that the defendant possessed "lascivious exhibition[s] of the anus, genitals, or pubic area of any person." 63 F.4th 250, 255-56 (4th Cir. 2023). In doing so, it stressed that a photo showing "an erect penis" would not, without more, meet the definition of a "lascivious exhibition." But based on the "context" in which those depictions were exchanged, the Court concluded that the district judge had not erred in finding that the images there "excite[d] lustfulness or sexual stimulation in the viewer." *Id*. at 256 (quoting *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019)).

    This appeal does not raise the sufficiency of the evidence of "lasciviousness." Instead, appellant challenges *an instruction* that authorized the jury to convict *based on the minors' nudity alone*. *Cohen* reiterates the holding in *Courtade* that such an instruction is legally wrong. Unlike the unpublished opinions that the government cites in its letter, appellant preserved that argument. *Contra United States v. Mynes*, 2024 WL 277707, at *3-4 (4th Cir. Jan. 25, 2024) (plain-error review); *United States v. Clawson*, 2023 WL 3496324, at *1 (4th Cir. May 17, 2023) (same). And the error here was exacerbated by the district court's sweeping evidentiary exclusions, which left the jury unable to consider the full "context" in which the images were sent, including expert testimony that would have explained a "purpose" for the pictures other than sexual titillation. *See* Br. 37-40, 43-47.

    The government also cites the unpublished decision in *United States v. Hewlett*, 2023 WL 3116769 (4th Cir. Apr. 27, 2023), but that panel's brief discussion of the "purpose" element in the statute does not address, much less reckon with, our argument that *any* purpose is a "motivating" purpose, and thus an instruction is error if it invites the jury to convict simply because the defendant's "motivating" purpose is to create a visual depiction.

Friedman Kaplan Seiler Adelman & Robbins LLP   7 Times Square, New York, NY 10036-6516

- 2 -                                           February 29, 2024

        Respectfully submitted,

        /s/ Lawrence Robbins

        *Counsel for Appellant*