

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

---

Jessica D. Aber  
United States Attorney

919 East Main Street, Suite 1900  
Richmond, Virginia 23219

(804) 819-5400

March 4, 2024

Nwamaka Anowi, Clerk  
United States Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219-3517

**Re:**   *United States v. Sanders*, **No. 22-4242 (calendared for argument March 22, 2024)**  
  **Letter under Fed. R. App. P. 28(j)**

Dear Ms. Anowi:

In *United States v. Delaney*, 22-1095, 2023 WL 7103281 (2d Cir. Oct. 27, 2023), the Second Circuit held that the good faith exception applied to a warrant nearly identical to the warrant challenged here. On December 10, 2019, the magistrate judge in *Delaney* authorized a warrant for the defendant's home to search for child pornography-related evidence. *Id*. at *1. The affidavit stated that a reliable foreign law enforcement agency ("FLA") in a country with "an established rule of law" provided a tip to the FBI. *Id*. The tip provided that on April 22, 2019, an IP address "accessed online child sexual abuse and exploitation material via a website." *Id*. This dark website was "an active online forum . . . dedicated to the sexual exploitation of minor[s]." *Id*. The affidavit did not explain how the FLA obtained its information. *Id*. at *3. The affidavit explained "that accessing the website 'required numerous affirmative steps by the user,' including downloading Tor software and finding the site's 16- or 56-character web address, which was not readily accessible through a search engine." *Id*. at *1.

Without addressing the merits, the Second Circuit applied the good faith exception because the affidavit was not so "bare bones" that it lacked indicia of probable cause. *Id*. at *3-4. In so holding, the court recognized that the affidavit "relied on a tip from the FLA," "provided context indicating that . . . [the FLA] was reliable," and supported the conclusion that a user would not reach the website inadvertently. *Id*. at *3. The Second Circuit noted that the affidavit detailed the date the IP address was used to access child sexual abuse and exploitation material, listed the steps law enforcement took to link the IP address to the defendant, and clearly stated that the user of the IP address accessed the website. *Id*. The affidavit also provided a nexus between accessing the website and possessing child pornography. *Id*.

*Delaney* supports the government's argument that the good faith exception applies to the warrant in this case. *See* Gov. Br. 19–20.

Respectfully,

Jessica D. Aber
United States Attorney

By:       /s/

Joseph Attias
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond, VA 23219
(804) 819-5400
Joseph.Attias2@usdoj.gov

2