

LAWRENCE S. ROBBINS
lrobbins@fklaw.com
212.833.1118

March 5, 2024

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re: *United States v. Sanders*, No. 22-4242 (calendared for argument March 22, 2024)
      Response to Government's Fed. R. App. P. 28(j) Letter

Dear Ms. Anowi:

  As counsel for appellant in the above-captioned matter, I write to respond to the government's March 4, 2024 letter to the Court.

  The government misses the entire point of the Second Circuit's summary order in *United States v. Delaney*, 2023 WL 7103281 (Oct. 27, 2023). The Second Circuit sustained a search under the "good-faith" exception, but for reasons that are conspicuously missing here. The court of appeals acknowledged, (at *3), that the good-faith exception does not apply "where the issuing magistrate has been knowingly misled." But the only such evidence that Delaney could muster was that the FBI had omitted from the search affidavit the fact that the defendant had "no prior criminal history"; was not on the sex offender registry; and was not found on the FBI database. *Id*. at *4. The Second Circuit concluded that none of those omissions would have altered the magistrate's decision to issue the warrant.

  This case could not be more sharply distinguishable. Here, any fair reading of the underlying tip documents shows that Appellant was suspected only of accessing *a website*, not *the content* available exclusively to those who registered (which Appellant did not do). Yet the FBI affiant told the magistrate judge, in Paragraph 23 of the search affidavit, that Appellant had accessed actual child pornography "via a website." That was an utterly false rendering of the tips, and, as we showed in our briefs, (Br. 18-22, Reply 6-9), the FBI knew that full well (since they described the tips *accurately* in documents that the FBI chose *not* to share with the magistrate).

  It may be added that, whereas the website homepage in *Delaney* permitted the user to view at least *some* materials without registering, (*1), the homepage in this case contained no suggestion of the materials available on the site. Br. 20-21. Thus, a user who simply navigated to the homepage would *not* have access to actual child pornography. That doubtless explains

- 2 -                                                                                      March 5, 2024

why, after executing the sweeping search on February 12, 2020, the agents found zero evidence – literally none – that Sanders had ever accessed any content on the website.  Br. 6.

                          Respectfully submitted,

                          */s/ Lawrence Robbins*
                          Lawrence S. Robbins
                          *Counsel for Appellant*