


U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

Jessica D. Aber
United States Attorney

919 East Main Street, Suite 1900
Richmond, Virginia 23219

(804) 819-5400

March 12, 2024

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

**Re:** ***United States v. Sanders*, No. 22-4242 (calendared for argument March 22, 2024)**
**Letter under Fed. R. App. P. 28(j)**

Dear Ms. Anowi:

Today, in *United States v. Hoover*, No. 22-4322, the Court issued a published decision rejecting the defendant's challenge to the district court's instruction on the purpose element of 18 U.S.C. § 2251(a).[1] *See* Def. Br. 47–50. In *Hoover*, the district court instructed the jury as follows:

> [T]he government must prove that the minor engaged in the sexual activity and that the defendant had the specific intent to produce a visual depiction. It is not sufficient simply to prove that the defendant purposefully took the picture. The government must prove that producing a visual depiction of the sexually explicit conduct was one of the defendant's purposes for using, employing, persuading, enticing, or coercing the victim to engage in sexually explicit conduct and that it was ***a significant or motivating purpose*** and was not merely incidental to the sexually explicit conduct.

(Op. at 14) (emphasis added).

The defendant in *Hoover* argued that the district court erred in instructing the jury by departing from this Court's "approved language." (Op. at 14.) The Court rejected that argument, reasoning that its precedent "does not dictate use of particular language when explaining" § 2251(a)'s specific intent requirement to the jury. *Id.* Citing *United States v. McCauley*, 983 F.3d 690 (4th Cir. 2020), this Court concluded that the district court "'adequately informed the jury of the controlling legal principles' governing the § 2251(a) offenses." (Op. at 14) (quoting *McCauley*, 983 F.3d at 694). The Court continued by explaining that, "[w]hether an instruction reads 'the purpose,' 'the dominant purpose,' 'a motivating purpose' — or some other equivalent variation — may not be crucial, but [§ 2251(a)] plainly requires something more than 'a purpose.'" *Id.*

[1] The slip opinion is attached to this letter and is available at https://www.ca4.uscourts.gov/opinions/224322.P.pdf.

*Hoover* confirms the government's argument that the district court correctly instructed the jury on the purpose element of § 2251(a). *See* Gov. Br. 45–47; JA573 (district court's instruction).

Respectfully,

Jessica D. Aber
United States Attorney

By: /s/
Joseph Attias
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond, VA 23219
(804) 819-5400
Joseph.Attias2@usdoj.gov